Wright, J.,
delivered tbe opinion of tbe Court.
This was an action upon a note against Farnsworth, tbe plaintiff in error, in wbicb judgment was bad against him. He moved for a new trial, which was overruled, and filed bis bill of exceptions, and has appealed in error to this Court. Tbe case was tried upon bis plea of non est factum. Tbe name of Farnsworth bad been signed to tbe note by Daniel C. Sisk, and tbe main question was, whether Sisk bad any authority to sign Farnsworth’s name. Farnsworth bad bought bogs from tbe plaintiffs below, and sent Sisk to weigh and receive them, and gave him $1000 00 to pay towards them, and some blank notes with seals to them, wbicb be bad written and signed, and left Sisk to fill up and deliver to tbe plaintiffs, for any balance that might be found due on tbe bogs. At tbe time Farnsworth sent Sisk 'with the money and blank notes, be- also wrote and sent by him a letter to tbe plaintiffs.
This letter appeared by tbe proof, in tbe progress of tbe trial, to be in possession of tbe plaintiffs; but Ik was not produced or read in evidence, either on tbe trial' before tbe justice of tbe peace, or in tbe Circuit Court. But it was proved by tbe justice, that on tbe trial before him, it was insisted by tbe plaintiffs that this letter contained authority for Sisk to sign tbe note; and by Farnsworth that it contained no such authority. *617 In this stage of the trial, Farnsworth, without haying given the plaintiffs any notice to produce this letter, offered, by a witness, to prove its contents. This was objected to by the plaintiffs, and the Court sustained the objection and excluded the evidence.
In this, the Circuit Judge did not err. The plaintiffs, in their proof, had made out a prima facie, case of authority in Sisk, without producing or relying on the letter, and to this mode of proof, Farnsworth had not objected; but after this had been done, he wished to repel the force of the evidence by the letter. This he could not do without producing it, or accounting for its absence. It was the highest evidence of its contents, and the fact that it was in the possession of the adverse party did not change its character. He should have given the other party notice to produce it; and until this was done, the settled law is that he had no right to resort to proof of its contents. 1 Greenl. Ev., §§ 87, 88, 560, 562, and note 1 to § 561. •
This case does not come under any of the exceptions to the rulé requiring the notice. 1 Grreenl. Ev., § 561.
•Judgment affirmed.